Bank of Am., N.A. v Palacio (2020 NY Slip Op 05480)





Bank of Am., N.A. v Palacio


2020 NY Slip Op 05480


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-12294
2019-11839
2020-07044
 (Index No. 605135/15)

[*1]Bank of America, N.A., respondent, 
v
Mary Palacio, appellant, et al., defendants.


John J. Caracciolo, East Northport, NY, for appellant.
Aldridge Pite, LLP, Melville, NY (Douglas S. Thaler of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mary Palacio appeals from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated August 28, 2017, (2) an order of the same court also dated August 28, 2017, and (3) an order and judgment of foreclosure and sale (one paper) of the same court entered September 5, 2019. The first order dated August 28, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference. The second order dated August 28, 2017, insofar as appealed from, granted the same relief and appointed a referee. The order and judgment of foreclosure and sale, upon the orders, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mary Palacio, to strike that defendant's answer, and for an order of reference are denied, and the orders entered August 28, 2017, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Mary Palacio.
The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On March 10, 2009, the defendant Mary Palacio executed a note in favor of nonparty [*2]MCS Mortgage Bankers, Inc. (hereinafter MCS), and a mortgage in favor of nonparty Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for MCS. On November 16, 2011, MERS, as nominee for MCS, purportedly assigned the mortgage to the plaintiff, which assignment was recorded on December 14, 2011.
By summons and complaint dated April 28, 2015, the plaintiff commenced this action against Palacio, among others, to foreclose the mortgage. Palacio interposed an answer generally denying the allegations in the complaint and asserting various affirmative defenses, including lack of standing and failure to comply with RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Palacio, to strike her answer, and for an order of reference. In orders entered August 28, 2017, the Supreme Court, among other things, granted the plaintiff's motion. An order and judgment of foreclosure and sale was entered September 5, 2019, in which the court, inter alia, confirmed the referee's report and directed the sale of the mortgaged property.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). When a defendant has placed standing in issue, the plaintiff also must establish standing as part of its prima facie case (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (US Bank N.A. v Madero, 80 AD3d 751, 753 [internal quotation marks omitted]).
Here, the plaintiff failed to establish, prima facie, that it had standing to commence this action. Although the employee of the plaintiff's loan servicer stated in her affidavit, which was submitted by the plaintiff in support of its motion, that the plaintiff was the holder of the note, she never stated that the plaintiff was the holder of the note at the time the action was commenced (see Wells Fargo Bank, N.A. v Allen, 154 AD3d 644, 645-646; Deutsche Bank Natl. Trust Co. v Cunningham, 142 AD3d 634, 635-636; Deutsche Bank Natl. Trust Co. v Weiss, 133 AD3d 704, 705-706). Further, the plaintiff failed to establish that the note was attached to the complaint at the time of the commencement of the action (see U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Thus, the plaintiff failed to establish, prima facie, that it was the holder of the note at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Horowitz, 163 AD3d 764).
The plaintiff also failed to establish, prima facie, that it strictly complied with RPAPL 1304. RPAPL 1304(1) provides that at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in RPAPL 1304, such lender, assignee, or mortgage loan servicer must give notice to the borrower. RPAPL 1304(1) sets forth the requirements for the content of such notice and RPAPL 1304(2) further provides that such notice must be sent "by registered or certified mail and also by first-class mail" to the last known address of the borrower. "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (U.S. Bank N.A. v Henderson, 163 AD3d 601, 602 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 891-892). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, "'the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing,' which can be 'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing [*3]procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Bank of Am., N.A. v Bittle, 168 AD3d 656, 658, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see U.S. Bank N.A. v Cope, 175 AD3d 527, 529-530).
Here, the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304 because the employee of the plaintiff's loan servicer, in her affidavit, failed to assert personal knowledge of the purported mailing or make the requisite showing that she was familiar with the plaintiff's mailing practices and procedures in order to establish "proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (U.S. Bank N.A. v Henderson, 163 AD3d at 603 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d at 892). Since the plaintiff failed to provide evidence of the actual mailing, or evidence of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304 (see U.S. Bank N.A. v Cope, 175 AD3d at 529-530; Investors Sav. Bank v Salas, 152 AD3d 752, 753).
Palacio's remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Palacio, to strike her answer, and for an order of reference.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court