Deutsche Bank Natl. Trust Co. v Salva (2022 NY Slip Op 01290)





Deutsche Bank Natl. Trust Co. v Salva


2022 NY Slip Op 01290


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-00310
2019-00312
 (Index No. 711664/15)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Ernesto Salva, Jr., etc., appellant, et al., defendants.


Charles Wallshein, Melville, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Morgan R. McCord of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ernesto Salva, Jr., appeals from two orders of the Supreme Court, Queens County (Timothy J. Dufficy, J.), both entered December 7, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ernesto Salva, Jr., to strike his answer, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ernesto Salva, Jr., to strike his answer, and for an order of reference are denied, and that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him is granted.
In November 2015, the plaintiff commenced this action against the defendant Ernesto Salva, Jr. (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain property in Jackson Heights. The defendant joined issue by interposing a verified answer asserting various affirmative defenses, including that the action was barred by the statute of limitations, and counterclaims.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him, arguing that the instant action was barred by the statute of limitations, and that the 90-day notice mailed in this action failed to strictly comply with RPAPL 1304(2). By order entered December 7, 2018, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. In a second order, also entered December 7, 2018, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL 1304(2) states that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice."
Here, the inclusion of additional "Important Disclosures" regarding bankruptcy and rights for military personnel on page 7 of the 90-day notice violated RPAPL 1304(2), which requires strict compliance (see Bank of Am., N.A. v Kessler, 202 AD3d 10; Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, and granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
The defendant's remaining contention is without merit.
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court