U.S. Bank N.A. v Zapata (2023 NY Slip Op 03813)

U.S. Bank N.A. v Zapata

2023 NY Slip Op 03813

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2020-03403
 (Index No. 5609/08)

[*1]U.S. Bank N.A., etc., appellant,
v
Maria L. Zapata, defendant-respondent, et al., defendants; Wilmington PT Corporation, intervenor-respondent.

McCarter & English, LLP, New York, NY (Adam M. Swanson and Jessie D. Bonaros of counsel), for appellant.
Hasbani & Light, P.C., New York, NY (Seth B. Weinberg of counsel), for intervenor-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an amended order of the Supreme Court, Queens County (Maureen Healy, J.), entered January 6, 2020. The amended order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew its prior motion for an order of reference, which had been denied in an order of the same court (Jamie A. Rios, J.) dated July 1, 2008, and granted those branches of the motion of Wilmington PT Corporation which were for leave to intervene in the action and, thereupon, to interpose an answer, and to toll the accrual of interest on the subject loan from July 2008 until September 2018.
ORDERED that the amended order entered January 6, 2020, is modified, on the law, by deleting the provisions thereof granting those branches of the motion of Wilmington PT Corporation which were for leave to intervene in the action and, thereupon, to interpose an answer, and to toll the accrual of interest on the subject loan from July 2008 until September 2018, and substituting therefor provisions denying those branches of the motion; as so modified, the amended order entered January 6, 2020, is affirmed insofar as appealed from, with costs to the plaintiff payable by the intervenor.
The defendant Maria L. Zapata executed a note in favor of the plaintiff's predecessor in interest (hereinafter the subject loan) that was secured by a mortgage dated August 11, 2006, on certain property located in Queens (hereinafter the subject property). On March 4, 2008, the plaintiff commenced the instant action to foreclose the mortgage. Also on March 4, 2008, the plaintiff filed a notice of pendency against the subject property.
On June 13, 2008, the plaintiff moved, ex parte, for an order of reference, supported by, among other things, an affirmation from counsel representing that none of the defendants had appeared or answered the complaint. In an order dated July 1, 2008, the Supreme Court denied the motion, without prejudice, on the stated ground that the "[p]romissory note is not indorsed to order of plaintiff," as required by UCC 3-202(2).
The plaintiff filed a successive notice of pendency on September 6, 2018. On September 11, 2018, the plaintiff moved, inter alia, for leave to renew its motion for an order of reference. The plaintiff contended that there had been a change in the law since the order dated July [*2]1, 2008, in that this Court had clarified this Court's prior holding in Wells Fargo Bank Minn., N.A. v Mastropaolo (42 AD3d 239).
On January 9, 2019, Wilmington PT Corporation (hereinafter Wilmington) moved, inter alia, for leave to intervene in the instant action and, thereupon, to interpose an answer, and to toll the accrual of interest on the subject loan from July 2008 until September 2018. Wilmington contended that it was successor in interest to the defendant WMC Mortgage Corp. (hereinafter WMC), as the mortgagee of a second mortgage on the subject property. Wilmington contended that it acquired its interest in the subject property on August 1, 2018, without any notice of the action.
In support of its motion, Wilmington submitted an affidavit from a vice president, who stated that on August 1, 2018, Wilmington had purchased a second note and the second mortgage from nonparty Trinity Financial Services, LLC (hereinafter Trinity Financial). The affiant further stated that the second note and mortgage were assigned "through blank endorsement and physical delivery," and that the note underlying the second mortgage, indorsed in blank, was physically delivered to Wilmington on November 15, 2018. The affiant stated that his knowledge was based upon a review of business records. Annexed to the affidavit was a copy of the second note, bearing an undated indorsement from WMC to Heritage Pacific Financial, LLC, doing business as Heritage Pacific Financial (hereinafter Heritage Pacific). On the page immediately following the second note was a copy of a purported allonge to the note, which referenced the details of the original second note and which bore an undated indorsement executed by Trinity Financial, in blank.
In an amended order entered January 6, 2020, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for leave to renew its prior motion for an order of reference, and granted those branches of Wilmington's motion which were for leave to intervene in the action and, thereupon, to interpose an answer, and to toll the accrual of interest on the subject loan from July 2008 to September 2018. The plaintiff appeals.
The Supreme Court properly exercised its discretion in denying that branch of the plaintiff's motion which was to renew its prior motion for an order of reference. Contrary to the plaintiff's contention, the plaintiff did not identify any change in law which occurred subsequent to the court's order dated July 1, 2008. Although a clarification of existing law may in some circumstances suffice to constitute a change in law for purposes of a motion to renew (see CPLR 2221; Dinallo v DAL Elec., 60 AD3d 620, 621), the plaintiff failed to identify a change or clarification in decisional law that would warrant renewal.
The Supreme Court, however, erred in granting those branches of Wilmington's motion which were for leave to intervene in the action and, thereupon, to interpose an answer, and to toll the accrual of interest on the subject loan from July 2008 until September 2018. "Upon a timely motion, a person is permitted to intervene as of right in an action involving the disposition of property where that person may be adversely affected by the judgment (see CPLR 1012[a][3]). In addition, a court, in its discretion, may permit a person to intervene, inter alia, when the person's claim or defense and the main action have a common question of law or fact (see CPLR 1013). Whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance since a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings" (Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 676-677 [citations omitted]; see Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 784-785).
Here, Wilmington failed to demonstrate that it had a real and substantial interest in the outcome of the proceedings, as its submissions were insufficient to demonstrate that it held an interest in the second note and mortgage on the subject property. The record includes a special indorsement of the second note from the original lender to Heritage Pacific, but no further indorsement by Heritage Pacific. "Any instrument specially indorsed becomes payable to the order of the special indorsee and may be further negotiated only by his [or her] indorsement" (UCC 3-204). Thus, there is no evidence that Trinity Financial had the authority to negotiate the second note (see id. § 3-204[1]), and therefore, contrary to Wilmington's contention, the blank indorsement executed by Trinity Financial on a purported allonge is not evidence that any interest in the note was transferred to Wilmington (see id. § 3-201).
Since Wilmington failed to establish that it had a real and substantial interest in the outcome of the proceedings, the Supreme Court should have denied that branch of Wilmington's motion which was for leave to intervene in the action (see Reliance Ins. Co. of N.Y. v Information Display Tech., 2 AD3d 701, 703; Perl v Aspromonte Realty Corp., 143 AD2d 824, 825; see also Midland Mtge. Co. v Imtiaz, 110 AD3d 773, 775).
Since leave to intervene should have been denied, it follows that the Supreme Court should have also denied those branches of Wilmington's motion which were for leave to interpose an answer and to toll the accrual of interest on the subject loan from July 2008 until September 2018 (see generally CPLR 1012[a][3]; HSBC Bank USA, N.A. v MacPherson, 210 AD3d 966, 968; U.S. Bank, N.A. v Qurachi, 163 AD3d 888, 889; NYCTL 1996-1 Trust v King, 304 AD2d 629, 631).
The parties' remaining contentions are academic in view of the foregoing.
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court