Sharan v Christiana Trust (2023 NY Slip Op 04789)

Sharan v Christiana Trust

2023 NY Slip Op 04789

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-00712
 (Index No. 500334/17)

[*1]Yanay Sharan, appellant, 
v
Christiana Trust, etc., respondent, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Hasbani & Light, P.C., New York, NY (Danielle P. Light of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 5, 2021. The order granted the motion of the defendant Christiana Trust for leave to renew its prior motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and its opposition to that branch of the plaintiff's prior cross-motion which was for summary judgment on the first cause of action insofar as asserted against that defendant, which had been determined in an order of the same court (Paul Wooten, J.) dated June 20, 2018, and, upon renewal, in effect, vacated the determination in the order dated June 20, 2018, denying the prior motion of the defendant Christiana Trust pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and granting that branch of the plaintiff's prior cross-motion which was for summary judgment on the first cause of action insofar as asserted against that defendant, and thereupon granted the prior motion and denied that branch of the prior cross-motion.
ORDERED that the order dated January 5, 2021, is reversed, on the law, with costs, the motion of the defendant Christiana Trust for leave to renew its prior motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and its opposition to that branch of the plaintiff's prior cross-motion which was for summary judgment on the first cause of action insofar as asserted against that defendant is denied, and so much of the order dated June 20, 2018, as denied that defendant's prior motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and granted that branch of the plaintiff's prior cross-motion which was for summary judgment on the first cause of action insofar as asserted against that defendant is reinstated.
In 2007, Shirley Roque (hereinafter the borrower) executed a note in the amount of $417,000, which was secured by a mortgage on certain real property located in Brooklyn. In 2009, an action was commenced against the borrower, among others, to foreclose the mortgage (hereinafter [*2]the 2009 foreclosure action). While that action was pending, the borrower transferred her interest in the subject property to the plaintiff. In an order dated May 25, 2016, the Supreme Court, in effect, directed dismissal of the 2009 foreclosure action.
On January 6, 2017, the plaintiff commenced the instant action against the defendant Christiana Trust (hereinafter the defendant), among others, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage that was the subject of the 2009 foreclosure action. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and the plaintiff cross-moved, among other things, for summary judgment on the first cause of action insofar as asserted against the defendant. In an order dated June 20, 2018, the Supreme Court, inter alia, denied the defendant's motion and granted that branch of the plaintiff's cross-motion.
By notice of motion dated March 8, 2020, the defendant, on the basis of a purported change in the law, moved for leave to renew its prior motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and its opposition to that branch of the plaintiff's prior cross-motion which was for summary judgment on the first cause of action insofar as asserted against the defendant. By order dated January 5, 2021, the Supreme Court granted leave to renew, and, upon renewal, in effect, vacated the determination in the order dated June 20, 2018, denying the defendant's prior motion and granting that branch of the plaintiff's prior cross-motion, and thereupon granted the defendant's prior motion and denied that branch of the plaintiff's prior cross-motion. The plaintiff appeals.
"A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law," including, a clarification of decisional law (Dinallo v DAL Elec., 60 AD3d 620, 621; see CPLR 2221[e][2]). Here, however, the defendant failed to demonstrate such a change in the law (see Wells Fargo Del. Trust Co., N.A. v De Los Santos, 186 AD3d 900, 901-902; US Bank N.A. v Lawson, 170 AD3d 1068, 1070). Instead, the defendant merely pointed to case law (see Mizrahi v US Bank, N.A., 156 AD3d 617, 618), in which this Court applied established law (see e.g. Lehman Bros. v Hughes Hubbard & Reed, 92 NY2d 1014, 1016-1017) to the facts presented in the particular case before it.
The plaintiff's remaining contention need not be reached in light of our determination.
Accordingly, the Supreme Court erred in granting that branch of the defendant's motion which was for leave to renew, and upon renewal, changing the determination in the order dated June 20, 2018, denying the defendant's prior motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and granting that branch of the plaintiff's cross-motion which was for summary judgment on the first cause of action insofar as asserted against the defendant.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court