JPMorgan Chase Bank, N.A. v Eze (2024 NY Slip Op 05964)

JPMorgan Chase Bank, N.A. v Eze

2024 NY Slip Op 05964

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-05101
 (Index No. 7271/11)

[*1]JPMorgan Chase Bank, National Association, etc., respondent, 
v
Chidi Eze, etc., appellant, et al., defendants.

The Cardenas Islam Law Group, Jamaica, NY (Reza Islam of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Thomas Zegarelli and Adam Weiss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Chidi Eze appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 9, 2022. The order denied that defendant's motion for leave to renew his prior cross-motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him, which had been denied in an order of the same court (Noach Dear, J.) dated January 9, 2018.
ORDERED that the order dated June 9, 2022, is affirmed, with costs.
On July 2, 2007, the defendant Chidi Eze (hereinafter the defendant) executed a note in the sum of $404,000 in favor of Washington Mutual Bank, F.A. (hereinafter WaMu). The note was secured by a mortgage on certain real property located in Brooklyn. The defendant allegedly defaulted on his obligations under the note and mortgage by failing to make the monthly payments due on April 1, 2010, and thereafter. The plaintiff, as successor in interest to WaMu, commenced this action to foreclose the mortgage against the defendant, among others. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against him. In an order dated January 9, 2018, the Supreme Court denied the plaintiff's motion and the defendant's cross-motion. In March 2022, the defendant moved for leave to renew his cross-motion. Relying upon this Court's decision in Bank of Am., N.A. v Kessler (202 AD3d 10) and its progeny, the defendant argued that there had been a change in the law that would change the court's prior determination of his cross-motion. In an order dated June 9, 2022, the court denied the defendant's motion for leave to renew. The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). Therefore, "[a] motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law" (Sharan v Christiana Trust, 219 AD3d 1549, 1551 [internal quotation marks omitted]). "[A] clarification of existing law may in some circumstances suffice to constitute a change in law for purposes of a motion [for leave] to renew" (U.S. Bank N.A. v Zapata, 218 AD3d 623, 625; see [*2]Pryce v Nationstar Mtge., LLC, 224 AD3d 857, 858-859; McLaughlin v Snowlift, Inc., 214 AD3d 720, 721).
Here, in the Supreme Court, the plaintiff argued that this Court's decision in Bank of Am., N.A. v Kessler (202 AD3d 10) was insufficient to constitute a change in law for purposes of a motion for leave to renew. Instead, the plaintiff argued that this Court merely applied established law, including the "separate envelope" requirement of RPAPL 1304(2) (see e.g. U.S. Bank N.A. v Jeffrey, 222 AD3d 802, 804), to the facts presented (cf. Sharan v Christiana Trust, 219 AD3d at 1551). On appeal, however, the plaintiff does not dispute that this Court's determination was "[a] clarification of the decisional law" that constituted "a sufficient change in the law to support renewal" (Dinallo v DAL Elec., 60 AD3d 620, 621). Regardless, after the defendant filed his brief on this appeal, this Court's decision in Bank of Am., N.A. v Kessler was reversed by the Court of Appeals (see Bank of Am., N.A. v Kessler, 39 NY3d 317, 324-328), and that determination does not support his contention. "[C]ases on direct appeal should [generally] be decided in accordance with the law as it exists at the time the appeal is decided" (Old Williamsburg Candle Corp. v Seneca Ins. Co., Inc., 66 AD3d 656, 657, citing People v Favor, 82 NY2d 254, 260; see Ramirez v Mansions Catering, Inc., 74 AD3d 490, 491-492), a principle the defendant recognizes in his brief. Therefore, the defendant failed to demonstrate that there has been a change in the law that would have altered the Supreme Court's prior determination. Accordingly, the defendant was not entitled to leave to renew his cross-motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him (see U.S. Bank Trust, N.A. v McCobb, 222 AD3d 696, 698; Sharan v Christiana Trust, 219 AD3d at 1551; U.S. Bank N.A. v Zapata, 218 AD3d at 625).
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court