**U.S. Bank N.A. v Moore**

2025 NY Slip Op 30929(U)

March 21, 2025

Supreme Court, Kings County

Docket Number: Index No. 512108/15

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the **21ST** day of March, 2025.

P R E S E N T :

HON. CENCERIA EDWARDS,

                           Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTR ASSET BACKED SECURITIES TRUST 2006-WMC3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-WMC3,

                           Plaintiff,

          - against -

STEPHEN E. MOORE, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, ASSET ACCEPTANCE LLC ASG DISCOVER, CRIMINAL COURT OF THE CITY OF NEW YORK, KINGS SUPREME COURT, MIDLAND FUNDING LLC NCC-2 CORP., NANCY T. SUNSHINE – COMMISSIONER OF JURORS, KINGS COUNTY, NASSAU EDUCATORS FEDERAL CREDIT UNION, NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE, STATE OF NEW YORK, UNITED STATES OF AMERICA – INTERNAL REVENUE SERVICE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, JOSEPH MOORE, SYDNEY MOORE, MR. JONES, DIANE DOE, ANNIE MOORE, GRACE DOE, MRS. JONES, MEREDITH DOE, JUDITH DOE,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Index No. 512108/15

MOTION SEQUENCE

The following e-filed papers read herein:

NYSCEF Doc Nos.

| | |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) | |
| Opposing Affidavits (Affirmations) | 161-165, 167, 169 172, 174-175 |

[* 1]

Upon the foregoing papers in this action to foreclose a mortgage encumbering the residential property at 195 Chester Street in Brooklyn (Block 3543, Lot 24) (Property), defendant Stephen Moore (S. Moore or Borrower Defendant) moves (in motion sequence [mot. seq.] five),[1] by order to show cause (OSC), for an order: (1) preliminarily enjoining and restraining plaintiff U.S. Bank National Association, As Trustee for Mastr Asset Backed Securities Trust 2006-Wmc3, Mortgage Pass-Through Certificates, Series 2006-WMC3 (US Bank), from selling the Property, pursuant to CPLR 2201 and 6301; and/or (2) vacating the March 19, 2019 Judgment of Foreclosure and Sale and the April 10, 2018 Order of Reference, pursuant to CPLR 5015 (a); and/or for "such other relief as this Court deems just and proper" (NYSCEF Doc No. 167).

## Background

On October 5, 2015, US Bank commenced this action against S. Moore and others to foreclose a mortgage encumbering the Property by filing a summons, an unverified complaint and a notice of pendency against the Property (NYSCEF Doc Nos. 1-3). The complaint alleges that on or about May 19, 2006, S. Moore executed a $280,000.00 promissory note in favor of WMC Mortgage Corp. secured by a mortgage encumbering his Property (NYSCEF Doc No. 1 at ¶¶ 3-4). The complaint alleges that S. Moore "failed to comply with the terms and conditions of said above named instrument[s] by failing or omitting to pay the installment which became due and payable as of February 1, 2010 and

---

[1] Mot. seq. six, which is an identical OSC, was erroneously duplicated on NYSCEF.

[* 2]

also by failing or omitting to pay the installment which became due and payable each and every month thereafter . . ." (*id.* at ¶ 7). Notably, the complaint alleges that "Plaintiff is in compliance with sending the ninety (90) day notices as required by RPAPL $1304; see 90 day notice attached as an Exhibit hereto" (*id.* at ¶ 5 [c]). The complaint annexes a May 11, 2015, 90-day foreclosure notice addressed to S. Moore (NYSCEF Doc No. 1 at 51).

On November 27, 2015, Defendant S. Moore answered the complaint, denied the material allegations therein and asserted three affirmative defenses (NYSCEF Doc No. 48). Notably, the answer *does not* assert an affirmative defense regarding US Bank's failure to comply with RPAPL § 1304.

On November 3, 2017, US Bank moved for summary judgment, an order of reference and a default judgment against the non-appearing defendants (NYSCEF Doc No. 53). S. Moore opposed US Bank's motion arguing that it lacked standing to foreclose. By an April 10, 2018, decision and order, the court (Dear, J.) granted US Bank's motion (NYSCEF Doc No. 88) and issued an April 10, 2018, Order of Reference appointing a referee to compute the amounts due and owing (NYSCEF Doc No. 92).

On December 5, 2018, the referee filed his Referee's Report of Amounts Due (NYSCEF Doc No. 97). On January 7, 2019, US Bank moved for a judgment of Foreclosure and Sale (NYSCEF Doc No. 102). S. Moore, in opposition, argued that the promissory note was previously satisfied (NYSCEF Doc No. 113). On March 19, 2019, the court (Dear, J.) granted US Bank a Judgment of Foreclosure and Sale (NYSCEF Doc No. 116 and 117).

3

[* 3]

On June 19, 2019, Defendant S. Moore moved, by order to show cause, for an order renewing his opposition to US Bank's motion and vacating the March 19, 2019 Judgment of Foreclosure and Sale on the grounds that prior defense counsel failed to adequately represent Defendant's interests (NYSCEF Doc Nos. 122, 135 and 123). Defendant's new counsel asserts that prior defense counsel "*failed to raise defenses* such as res judicata, the invalidity of this summons and complaint on its face *and plaintiff's violation of RPAPL 1304*" (NYSCEF Doc No. 123 at ¶ 5 [emphasis added]). By a September 19, 2019 decision and order, the court (Dear, J.) denied Defendant's motion (NYSCEF Doc No. 147 [emphasis added]).

On September 8, 2022, Plaintiff filed a notice of sale of the Property for October 27, 2022 (NYSCEF Doc No. 159).

### *Defendant's Instant Motion to Vacate The Judgment of Foreclosure and Sale*

On October 19, 2022, Defendant S. Moore moved (in mot. seq. five), by OSC, for an order enjoining US Bank from selling the Property and vacating the March 19, 2019 Judgment of Foreclosure and Sale, pursuant to CPLR 5015 (a). Defense counsel submits an affirmation asserting that "Defendant now seeks vacatur of the Judgment of Foreclosure and Sale and the Order of Reference based upon recent changes in the law regarding strict compliance with RPAPL §1304" (NYSCEF Doc No. 163 at ¶ 9). Defense counsel asserts that "Plaintiff alleged compliance with RPAPL § 1304 in paragraph five (5) [of the] summons and complaint [and t]his simply is not the case . . ." (*id.* at ¶ 21). Relying on the

4

[* 4]

Second Department's holding in *Bank of Am., N.A. v Kessler*, 202 AD3d 10 (2d Dept 2021), defense counsel argues that:

> "RPAPL §1304 contains specific, mandatory language and a plaintiff must demonstrate strict compliance with this in the requisite notice. Any additional language or information besides what has been mandated by the legislation must be sent in a separate envelope from this notice. Inclusion of any material that is not expressly delineated in these provisions constitutes a violation of RPAPL § 1304 (2). *See Bank of Am., N.A. v Kessler*, 202 A.D.3d 10 (2d Dept. 2021); see, also, *Deutsche Bank Natl. Trust Co. v Salva*, 203 A.D.3d 700 (2d Dept. 2022).

> "In *Kessler*, the Court noted that a strict interpretation of the "separate envelope" requirement is consistent with the Legislature's intent in promulgating a 'bright line' rule for compliance with RPAPL § 1304. See *Kessler* at 19" (*id.* at ¶¶ 24-25).

Defense counsel contends that US Bank's May 11, 2015 90-day pre-foreclosure notice fails to "strictly" comply with RPAPL § 1304 because it includes "extraneous language in its notice" (*id.* at ¶¶ 27-28).

### US Bank's Opposition

US Bank, in opposition, submits an attorney affirmation arguing that "courts will not vacate a final judgment based on a subsequent change in the law when no appeal has been taken" and "Defendant has not taken an appeal of the judgment of foreclosure and sale or the order of reference" (NYSCEF Doc No. 172 at ¶¶ 3 and 5). US Bank's counsel further argues that "[t]o the extent Defendant may argue that his motion should be deemed a motion to renew, which is the proper vehicle for seeking relief from a prior

5

[* 5]

order/judgment based on a change in the law, his motion is untimely" after the entry of a final judgment (*id.* at ¶ 6).

## Discussion

CPLR 2221 (e) (2) provides that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been *a change in the law* that would change the prior determination" (emphasis added). "Therefore, '[a] motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law'" (*JPMorgan Chase Bank, Nat'l Ass'n v Eze*, 232 AD3d 865, 866 [2d Dept 2024], quoting *Sharan v Christiana Trust*, 219 AD3d 1549, 1551 [2d Dept 2023]).

Defendants' motion, which will be deemed a motion for leave to renew, is denied because the Second Department holding in *Kessler* was reversed by the Court of Appeals' subsequent decision in *Kessler* issued on February 14, 2023, after S. Moore's instant OSC was already *sub judice* (*see JPMorgan Chase Bank, Nat'l Ass'n v Eze*, 232 AD3d at 866 [holding that defendant was not entitled to leave to renew based on the Second Department's holding in *Kessler* and its progeny because he failed to establish that there was a change in the law regarding strict compliance with RPAPL § 1304 that would have altered the trial court's prior determination because the Court of Appeals issued the *Kessler* decision reversing the Second Department's holdings]). Importantly, in *Bank of Am. v Kessler*, the Court of Appeals specifically rejected the bright-line rule imposed by the Second Department, and held that statements that further the underlying statutory purpose

6

[* 6]

of providing information to borrowers that is or may become relevant to avoiding foreclosure do not constitute "other notices" that must be sent in a separate envelope and "application of a bright-line rule would contravene the legislative purpose" of RPAPL § 1304 (*Bank of Am., N.A. v Kessler*, 39 NY3d 317, 326 [2023]).

Because there is no ground to vacate the March 19, 2019 Judgment of Foreclosure and Sale, S. Moore's motion for an injunction staying US Bank from proceeding with a foreclosure sale has no merit. Accordingly, it is hereby

**ORDERED** that S. Moore's motion (mot. seq. five) is denied in its entirety.

This constitutes the decision and order of the court.

March 21, 2025

E N T E R,

_____
CENCERIA P. EDWARDS, J. S. C.

7