HSBC Bank USA, N.A. v Ishmail (2025 NY Slip Op 03799)

HSBC Bank USA, N.A. v Ishmail

2025 NY Slip Op 03799

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-11770
 (Index No. 703343/18)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Feroza Ishmail, appellant, et al., defendant.

Petroff Amshen LLP, Brooklyn, NY (James Tierney and Steven Amshen of counsel), for appellant.
Robertson Anschutz Schneid Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Feroza Ishmail appeals from an order of the Supreme Court, Queens County (Lance Evans, J.), entered September 5, 2023. The order, insofar as appealed from, in effect, denied that branch of that defendant's motion which was for leave to renew that branch of her prior cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her, which had been denied in an order of the same court dated December 2, 2019.
ORDERED that the order entered September 5, 2023, is affirmed insofar as appealed from, with costs.
The defendant Feroza Ishmail (hereinafter the defendant) is the owner of certain real property located in South Ozone Park. On March 26, 2007, the defendant executed a note in the amount of $548,000, which was secured by a mortgage on the property. On September 2, 2009, the mortgage was assigned to the plaintiff, HSBC Bank USA, National Association (hereinafter HSBC). In March 2018, HSBC commenced this action against the defendant and another defendant to foreclose the mortgage. In April 2019, HSBC moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and the defendant cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her. By order dated December 2, 2019, the Supreme Court, inter alia, granted those branches of HSBC's motion and denied that branch of the defendant's cross-motion.
In May 2022, the defendant moved, among other things, for leave to renew that branch of her prior cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her. Relying on Bank of Am., N.A. v Kessler (202 AD3d 10, revd 39 NY3d 317), the defendant argued that HSBC failed to comply with RPAPL 1304, as the envelope it mailed, which contained the requisite notice under RPAPL 1304, also included other information pertaining to the rights of a debtor in bankruptcy and the date of the defendant's first missed mortgage payment. By order entered September 5, 2023, the Supreme Court, inter alia, in effect, denied that branch of the defendant's motion which was for leave to renew. The defendant appeals.
"A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law" (Sharan v Christiana Trust, 219 AD3d 1549, 1551 [internal quotation marks omitted]). "[A] clarification of existing law may in some circumstances suffice to constitute a change in law for purposes of a motion [for leave] to renew" (U.S. Bank N.A. v Zapata, 218 AD3d 623, 625; see Pryce v Nationstar Mtge., LLC, 224 AD3d 857, 858-859; McLaughlin v Snowlift, Inc., 214 AD3d 720, 721).
"RPAPL 1304(1) provides that at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan," a borrower must be given notice (Bank of Am., N.A. v Palacio, 187 AD3d 693, 696). Contrary to the defendant's contention, the inclusion of additional information with the notice required by RPAPL 1304 did not violate the requirement that the RPAPL 1304 notice be sent "in a separate envelope from any other mailing or notice" (id. § 1304[2]), as the additional information consisted of "accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure" (Bank of Am., N.A. v Kessler, 39 NY3d at 326; see U.S. Bank N.A. v Jeffrey, 222 AD3d 802, 804). The additional information included with the RPAPL 1304 notice was a list of government approved housing counseling agencies, which provided the defendant with additional information to explore to rectify her default or to seek counseling to avoid foreclosure. Therefore, HSBC included all statutorily required language in the notice and did not violate the separate envelope requirement of RPAPL 1304 (see Bank of Am., N.A. v Kessler, 39 NY3d at 322, 326). Accordingly, the defendant failed to demonstrate that there had been a change in the law that would have altered the Supreme Court's prior determination (see CPLR 2221[e][2]; JPMorgan Chase Bank, N.A. v Eze, 232 AD3d 865, 866-867; U.S. Bank Trust, N.A. v McCobb, 222 AD3d 696, 698).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court