U.S. Bank N.A. v Connor (2025 NY Slip Op 06210)

U.S. Bank N.A. v Connor

2025 NY Slip Op 06210

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-01834
 (Index No. 613660/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Frank E. Connor, Jr., etc., appellant, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Frank E. Connor, Jr., appeals from an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated December 20, 2022. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denied the cross-motion of the defendant Frank E. Connor, Jr., for leave to renew his opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, which had been granted in two orders of the same court (Howard H. Heckman, Jr., J.), both dated October 24, 2019, and for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order dated December 20, 2022, is affirmed, with costs.
In 2005, the defendant Frank E. Connor, Jr. (hereinafter the defendant), executed a note in the amount of $337,500, which was secured by a mortgage on certain real property located in Suffolk County. In 2017, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him as time-barred. In an order dated October 24, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of the defendant's cross-motion. In a second order dated October 24, 2019, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
In August 2022, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved for leave to renew his opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, and for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with RPAPL 1304. In an order dated December 20, 2022, the Supreme Court [*2]granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). Therefore, "[a] motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law" (Sharan v Christiana Trust, 219 AD3d 1549, 1551 [internal quotation marks omitted]).
Here, in support of his cross-motion, the defendant argued, based on this Court's opinion and order in Bank of Am., N.A. v Kessler (202 AD3d 10), that the plaintiff failed to comply with RPAPL 1304 because the RPAPL 1304 notice sent to him by the plaintiff contained additional information not authorized by that statute. However, after the order appealed from was issued, this Court's opinion and order in Bank of Am., N.A. v Kessler was reversed by the Court of Appeals (see Bank of Am., N.A. v Kessler, 39 NY3d 317, 324-328). The defendant does not argue that any of the additional information included in the RPAPL 1304 notice was irrelevant, false, or misleading (see Bank of Am., N.A. v Kessler, 39 NY3d at 321, 328). The defendant's argument that certain pending legislation (see 2023 NY Assembly Bill A05841; 2023 NY Senate Bill S5829A), if passed, would effectively overrule the Court of Appeals' decision in Bank of Am., N.A. v Kessler is inapposite, as that decision "is binding law until changed by decision of the Court of Appeals or until the pending legislation is enacted" (Freedom Mtge. Corp. v Miller, 224 AD3d 572, 573). Therefore, the defendant is not entitled to leave to renew his opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, nor is he entitled to summary judgment dismissing the complaint insofar as asserted against him (see JPMorgan Chase Bank, N.A. v Eze, 232 AD3d 865; U.S. Bank Trust, N.A. v McCobb, 222 AD3d 696, 698).
Accordingly, we affirm the order appealed from.
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court