■ ROUNDABOUT THEATRE COMPANY, INC., Appellant, v TISHMAN REALTY & CONSTRUCTION CO., INC., et al., Respondents. [756 NYS2d 12] —Order, Supreme Court, New York County (Helen Freedman, J.), entered December 5, 2001, which, in an action by plaintiff theatre against defendants property owner and general contractor to recover economic loss occasioned by temporary street closures ordered by the City after a construction elevator tower attached to defendants' building collapsed, granted defendants' motion to renew their prior motion for summary judgment, and, upon renewal, granted summary judgment dismissing the complaint, unanimously affirmed, without costs.

With respect to plaintiff's cause of action for negligence, defendants' motion to renew was properly based on an intervening clarification of the law (CPLR 2221 [e] [2]) in *532 Madison Ave. Gourmet Foods v Finlandia Ctr.* (96 NY2d 280, *revg* 271 AD2d 49 *and 5th Ave. Chocolatiere v 540 Acquisition Co.*, 272 AD2d 23). It is now clear that defendants' duty of care

extended only to those who, as a result of this construction disaster, suffered personal injury or property damage, and not to those who, like plaintiff, suffered only economic loss (96 NY2d at 291-292). It does not avail plaintiff that its property is so proximate to defendants' property as to be within a "zone of danger" (*id.*). Nor does plaintiff have causes of action for public or private nuisance. Plaintiff has no cause of action for public nuisance because the economic injury caused by the cancellation of its productions, while perhaps greater in degree than that sustained by other businesses in the community at large, was not different in kind. "Each was impacted in the ability to conduct business, resulting in financial loss." (*Id.* at 293.) Concerning private nuisance, there are no claims of intentional conduct by defendants not directed by the City or of any abnormally dangerous activities, and, for the reasons stated above, there can be no claim of negligent conduct (*see Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 569). We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Ellerin, Williams and Marlow, JJ.