■ STEPHEN DINALLO et al., Appellants, v DAL ELECTRIC et al., Defendants, and LEHR CONSTRUCTION CORP., Respondent. (And a Third-Party Action.) [874 NYS2d 246]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated November 21, 2007, which granted the motion of the defendant Lehr Construction Corp. for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it, which had been determined in an order dated September 18, 2007, and, upon renewal, granted the prior motion.

Ordered that the order is affirmed, with costs.

Pursuant to an order dated September 18, 2007, this court dismissed the plaintiffs' claims based upon Labor Law § 200 and common-law negligence against the defendant DAL Electric and the defendant Thyssenkrupp Elevator (*see Dinallo v DAL Elec.*, 43 AD3d 981 [2007]). On October 11, 2007, the defendant Lehr Construction Corp. (hereinafter Lehr) moved for leave to renew its motion for summary judgment dismissing the complaint insofar as asserted against it based upon a change in decisional law. In opposition, the plaintiffs contended, among other things, that Lehr's motion was untimely.

A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law (*see* CPLR 2221 [e] [2]). CPLR 2221 (e) (2) provides that a motion for leave to renew shall be based on new facts not offered on the original motion or "shall demonstrate that there has been a change in the law that would change the prior determination." A clarification of the decisional law is a sufficient change in the law to support renewal (*see* CPLR 2221 [e] [2]; *Roundabout Theatre Co. v Tishman Realty & Constr. Co.*, 302 AD2d 272 [2003]).

Absent circumstances set forth in CPLR 5015, which are inapplicable here, a motion for leave to renew based upon a change in the law must be made prior to the entry of a final judgment or before the time to appeal has expired (*see Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist.*, 278 AD2d 364 [2000]). Here, since Lehr made its motion prior to trial and prior to the entry of a final judgment, the Supreme Court correctly determined that the motion for leave to renew was timely.

The plaintiffs' remaining contentions are without merit. Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.