| |
|---|
| **Residents & Families United to Save Our Adult Homes v Zucker** |
| 2024 NY Slip Op 30459(U) |
| February 9, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 9038/13 |
| Judge: Joy F. Campanelli |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 6 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 9th day of February, 2024.

P R E S E N T:

HON. JOY F. CAMPANELLI,
                              Justice.
---------------------------------------------------------------------------X
RESIDENTS AND FAMILIES UNITED TO SAVE OUR ADULT HOMES; NEW YORK COALITION FOR QUALITY ASSISTED LIVING; NEW YORK STATE HEALTH FACILITIES ASSOCIATION/NEW YORK STATE CENTER FOR ASSISTED LIVING; KENNETH PRZYJENSKI; WALTER ROBERTS; HUDSON VIEW MANAGEMENT CORP., D/B/A PALISADE GARDEN HFA; BELLE HARBOR MANOR; ELM YORK LLC; KINGS ADULT CARE CENTER, LLC; LAKESIDE MANOR HOME FOR ADULTS, INC; GARDEN OF EDEN HOME LLC, D/B/A GARDEN OF EDEN HOME; MOHEGAN PARK HOME FOR ADULTS; GLORIA'S MANOR LLC, D/B/A NEW GLORIA'S MANOR HOME FOR ADULTS; NEW HAVEN MANOR; NEW MONSEY PARK HOME; NEW ROCHELLE HOME FOR ADULTS, LLC; PARKVIEW HFA, INC., D/B/A PARKVIEW HOME FOR ADULTS; ELENER ASSOCIATES, LLC, D/B/A RIVERDALE MANOR HOME FOR ADULTS; SEAVIEW MANOR, LLC; SURFSIDE MANOR HOME FOR ADULTS, LLC; THE ELIOT MANAGEMENT GROUP, LLC, D/B/A THE ELIOT AT ERIE STATION ALP; THE SANFORD HOME; WAVECREST HFA, INC., D/B/A WAVECREST HOME FOR ADULTS; WOODLAND VILLAGE LLC D/B/A FAWN RIDGE ASSISTED LIVING; EMPIRE STATE ASSOCIATION OF ASSISTED LIVING, INC.; DUTCHESS CARE; ELM YORK, LLC; HARBOR TERRACE ADULT HOME AND ASSISTED LIVING; CENTRAL ASSISTED LIVING, LLC; ADIRONDACK MANOR HOME FOR ADULTS; WILLIAM STANTON; JOHN TORY; LUCIA BENNETT; JOSEPH SIMONE; LAWRENCE WONG; and SUSAN OSTERHOUDT-BURNETT,

Index No. 9038/13

Mot. Seq. No. 22

                              Petitioners,
              -against-


HOWARD A. ZUCKER, M.D., in his official capacity as Commissioner of the New York State Department of Health; NEW YORK STATE DEPARTMETN OF HEALTH; KRISTIN M. WOODLOCK, in her

1

[* 1]

Official capacity as Acting Commissioner of the New York State Office Of Mental Health; and NEW YORK STATE OFFICE OF MENTAL HEALTH,

                                        Respondents.
------------------------------------------------------------------------------------X

The following e-filed papers read herein:                    NYSCEF Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____    255-453
Opposing Affidavits (Affirmations)_____       454
Affidavits/ Affirmations in Reply _____     455          .
Other Papers: _____    _____

Upon the foregoing papers, respondents the New York State Department of Health (DOH), the New York State Office of Mental Health (OMH) and their respective Commissioners (collectively, respondents or the State) move, in motion (mot.) sequence (seq.) 22, for an order, pursuant to CPLR 2221(2), granting them leave to renew that branch of their prior motion (mot. seq. 19) which sought summary judgment dismissing petitioners' claim under the Fair Housing Act (FHA) and, upon renewal, awarding them summary judgment dismissing petitioners' claims under the FHA.

*Background Facts and Procedural History*

The instant hybrid Article 78 proceeding and declaratory judgment action was brought by numerous petitioners comprised of current and former residents of Transitional Adult Homes (TAHs) (collectively resident-petitioners), TAHs (collectively adult-home petitioners), and associations representing adult homes.[1] In this regard, the petitioners challenged certain regulations that were promulgated by the DOH and OMH in 2013. Among other things, these regulations placed limitations upon admitting new residents with serious mental illness (SMI) to

---

[1] New York State Department of Health regulations define a TAH as "an adult home with a certified capacity of 80 beds or more in which 25 percent or more of the resident population are persons with serious mental illness" (18 NYCRR § 487.13 [b]).

2

TAHs. In particular, the DOH regulations prohibited TAHs from admitting, as residents, individuals with SMI unless those individuals were formerly residents of the TAHs. The OMH regulations precluded hospitals from discharging individuals with SMI to TAHs unless that person was a resident of the TAH immediately prior to his or her current hospitalization. In challenging these regulations, the petitioners asserted numerous causes of action against the respondents, including allegations that the regulations were discriminatory under the Americans With Disability Act (ADA) and FHA, were *ultra vires*, arbitrary and capricious under CPLR Article 78, and violated their procedural due process rights under the Social Services Law. The adult-home petitioners also alleged that the regulations violate their due process rights under the Fourteenth Amendment to the United States Constitution (US Constitution) and Article I Section 6 of the New York State Constitution (State Constitution). In addition, several of the petitioners alleged that the regulations violated their liberty interests. Finally, one of the resident-petitioners alleged that the regulations discriminated against him under the Rehabilitation Act and New York Human Rights Law § 296, violated his right to intimate association under the US Constitution, and violated his equal protection rights under the US Constitution and State Constitution.

### *The Prior Order*

Following the completion of pre-trial discovery, the respondents moved for summary judgment dismissing the petitioners' claims and petitioners cross-moved for summary judgment under their claims against the respondents. In a decision and order dated May 2, 2023 (the prior order), Hon. Carl J. Landicino, formerly of this court, granted the respondents' motion for summary judgment to dismiss except with respect to petitioners' claims under the FHA and denied petitioners' cross motions for summary judgment.[2] In this regard, the prior order held that under

---

[2] After the issuance of the prior order, Justice Landicino was appointed to the Appellate Division, Second Department. Thereafter, the matter was transferred to the instant part.

3

the FHA, the regulations were subject to a heighted standard of scrutiny inasmuch as they were discriminatory on their face. The prior order further determined that the respondents must prove that the regulations furthered, in theory and in fact, a legitimate, bona fide governmental interest, and that no alternative would serve that interest with less discriminatory effect. Applying this standard, the prior order found that there were issues of fact concerning whether or not the regulations actually advanced the State's goal of improving the living conditions, chances for recovery and rehabilitation, and integration of persons with SMI. Further, the prior order ruled that there were issues of fact regarding whether or not the regulations, which placed (with limited exceptions) a blanket ban on the admission of persons with SMI to TAHs, were the least restrictive means of achieving the State's goals.

### *The Third-Department Ruling*

On May 4, 2023, two days after the prior order was issued, the Appellate Division, Third Department reversed an order issued by a lower court which found that the DOH regulations violated the FHA (*Matter of Oceanview Home for Adults, Inc. v Zucker*, 215 AD3d 140 [2023]) (hereinafter referred to as *Oceanview*). In *Oceanview*, the trial court, after conducting a bench trial, determined that the regulations did not further the integration of individuals with SMI away from institutions as required by the United States Supreme Court's ruling in *Olmstead v L.C. ex rel. Zimring* (527 US 581 [1999]). The trial court also found that the DOH regulations were not the least restrictive means of achieving the State's goals given the fact that they did not allow for any individualized analysis of individuals with SMI seeking residency in a TAH. Upon appeal, the Third Department found that the least restrictive standard was improperly applied by the lower court in ruling on the validity of the regulations (*Matter of Oceanview Home for Adults, Inc.*, 215 AD3d at 149). Instead, the Third Department determined that the State was only required to

4

[* 4]

demonstrate that the regulations were narrowly tailored to implement the State's goal of integration of persons with SMI (*id*.). Finally, based upon the evidence presented at trial, the Third Department ruled that the DOH regulations were narrowly tailored to achieve the State's goals and did not violate the FHA. In particular, the *Oceanview* court noted that the DOH regulations only applied to individuals with SMI, solely applied to a subcategory of large adult homes, allowed TAHs to resume accepting residents with SMI once their mental health census had been sufficiently reduced below the cap, and permitted TAHs to admit individuals with SMI if they were former residents (*id*. at 153-154). In coming to this conclusion, the Third Department noted that "the admissions cap benefits persons with serious mental illness by directly implementing integration into smaller and more diverse settings where people with serious mental illness have greater ability to exercise autonomy and interact with individuals who do not have serious mental illness, enhancing their chances of recovery (*id.* at 153).

### *Respondents' Motion to Renew*

Respondents now move for an order granting them leave to renew the prior order and, upon renewal, an order awarding them summary judgment dismissing petitioners' claims under the FHA. In support of this motion, respondents maintain that the Third Department's ruling in *Oceanview* constitutes a modification in the law that would change the determination reached in the prior order with respect to petitioners' claims under the FHA. In particular, respondents maintain that the issues surrounding petitioners' FHA claims in *Oceanview* are identical to the issues in this matter. In addition, respondents note that the *Oceanview* court found that the proper standard to apply, in ruling on the validity of the regulations, was whether or not they were narrowly tailored to advance the State's goals rather than the least restrictive standard applied in the prior order. Finally, in the absence of any Appellate Division or Court of Appeals' authority

5

to the contrary, respondents contend that the Third Department's determination that the subject regulations are narrowly tailored to advance the State's goals and did not violate the FHA is binding upon this court.

In opposition to respondents' motion, petitioners maintain that the Third Department's determination in *Oceanview* is erroneous and runs contrary to federal court precedent. Further, petitioners argue that, inasmuch as the *Oceanview* court interpreted federal, not state, law, its ruling is not binding upon this court. In particular, petitioners aver that state courts are bound to apply federal statutes as interpreted by the United States Supreme Court or in accordance with the rule established by lower federal courts. Alternatively, petitioners claim that *Oceanview* is factually distinguishable from the matter before this court since *Oceanview* did not involve any challenges to OMH regulations and the prior order was rendered based upon evidence that was not part of the record in *Oceanview*.

"A motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate there has been a change in the law that would change the prior determination'" (*Dudley-Lanier v City of New York*, 210 AD3d 739, 741 [2022], quoting CPLR 2221[3][2]). Thus, "[a] motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in law … [and] [a] clarification of the decisional law is a sufficient change in the law to support renewal" (*Dinallo v DAL Electric*, 60 AD3d 620, 621 [2009]).

Here, contrary to petitioners' argument, respondents' motion is based upon a change in law, namely the Third Department's determination in *Oceanview*. In particular, prior to the *Oceanview* ruling, there were no appellate court determinations regarding whether or not the regulations violated the FHA. Further, it is clear that the ruling in *Oceanview* requires a change in

6

[* 6]

that portion of the prior order which denied respondents' motion for summary judgment dismissing petitioners' claims under the FHA. In this regard, there is no merit to petitioners' argument that the court is not bound by the *Oceanview* ruling because it involves the interpretation of federal law. Specifically, the Appellate Division, Second Department has long held that "the doctrine of stare decisis requires trial courts in this department to follow precedents set by the Appellate Division of another department until the Court of Appeals or this court pronounces a contrary rule (*Mountain View Coach Lines v Storms*, 102 AD2d 663, 664 [1984]). Furthermore, a state court is only "bound to apply the statute as interpreted by the Supreme Court or in accordance with the rule established by lower Federal courts, *if they are in agreement*" (*Fletcher v Kidder, Peabody & Co.*, 184 AD2d 359, 361-362 [1992][emphasis added]). Here, there is no United States Supreme Court decision which addresses the issue of whether the "narrowly tailored" or "least restrictive" standard applies when facially discriminatory regulations or statutes are challenged under the FHA. Furthermore, as the *Oceanview* court examined at length, lower federal courts are divided on this issue but the Sixth, Ninth, and Tenth Circuits have adopted the less onerous "narrowly tailored" standard adopted by the Oceanview court (*Oceanview Home for Adults, Inc.*, 215 AD3d at 149).

Finally, there is no merit to petitioners' argument that this court is not bound by *Oceanview* inasmuch as *Oceanview* did not involve any challenges to OMH regulations and the prior order was rendered based upon evidence that was not part of the record in *Oceanview*. The *Oceanview* court reviewed the exact same DOH regulations that are involved in this case and found that they were narrowly tailored to advance the state's goal and did not violate the FHA. Thus, this court could not determine that the regulations violated the FHA, or that there are issues of fact as to whether the regulations violated the FHA, without running afoul of *Oceanview*. In any event, the

7

[* 7]

relevant evidence and facts that the *Oceanview* court relied upon in determining that the DOH regulations did not violate the FHA are the same evidence and facts before this court. Further, it is of no moment that the OMH regulations were not challenged in *Oceanview*. The DOH and OMH regulations were promulgated at the same time to advance the same state goal of integrating individuals with SMI. In particular, the DOH regulations precluded the operators of TAHs from accepting new residents with SMI while the OMH regulations precluded hospitals from discharging patients with SMI to TAHs. Moreover the elements which the *Oceanview* decision relied upon in determining that the DOH regulations were narrowly tailored are equally applicable to the OMH regulations. Thus, if the DOH regulations are narrowly tailored to advance the state's goal and do not violate the FHA (as the *Oceanview c*ourt determined), it necessarily follows that the OMH regulations similarly do not violate the FHA.

Accordingly, respondents' motion, in mot. seq. 22, for leave to renew their prior motion is granted and, upon renewal, that branch of respondents' motion for summary judgment dismissing petitioners' claims under the FHA is granted. Inasmuch as petitioners' other claims were already dismissed in the prior order, the instant action/proceeding is dismissed.

This constitutes the decision, order, and judgment of the court.

E N T E R,

*Jay F. Companelli*

J. S. C.