**Murray Hill Cleaners & Laundry, Inc. v Third & Thirty Four, LLC**

2025 NY Slip Op 30362(U)

January 29, 2025

Supreme Court, New York County

Docket Number: Index No. 160553/2020

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JUDY H. KIM**

*Justice*

----------------------------------------------------------------------X

MURRAY HILL CLEANERS & LAUNDRY, INC.,

Plaintiff,

- v -

THIRD AND THIRTY FOUR, LLC, REGAL
RECONSTRUCTION CORP., OLIVIERO CONSTRUCTION
CORP.,

Defendants.

----------------------------------------------------------------------X

| | |
|---|---|
| PART | 04 |
| INDEX NO. | 160553/2020 |
| MOTION DATE | 07/28/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 71, 72, 73, 74, 75, 76, 77, 78

were read on this motion for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, defendant Third and Thirty Four, LLC's motion for summary judgment is granted, in part, to the limited extent that the trespass claim asserted against it is dismissed, and is otherwise denied.

## FACTUAL BACKGROUND

The following factual recitation is adapted from plaintiff's complaint and its submissions in connection to this motion and is, for purposes of this motion, taken as true.

Plaintiff previously operated a laundry business on the ground floor of the building located at 213 East 34th Street in Manhattan (the "Building"). Defendant Third and Thirty Four, LLC (the "Moving Defendant") owns the buildings located at 509 3rd Avenue, New York, NY 10016—which is "perpendicular and adjacent" to the Building—and 211 East 34th Street, which is directly adjacent to the Building. The Moving Defendant hired defendants Regal Construction Corp. ("Regal") and Oliviero Construction Corp. ("Oliviero") for construction and demolition work at

509 East 3rd Avenue and 211 East 34th Street, which work began around the end of 2019 (NYSCEF Doc. No. 1 [Complaint at ¶¶5-6]). Plaintiff alleges that between July 16, 2020, and August 10, 2020, the New York City Department of Buildings ("DOB") issued at least twelve citations to defendants related to this work (Id. at ¶12).

On or about July 16, 2020, defendants' work caused 211 East 34th Street to partially collapse (Id. at ¶¶10-11). This partial collapse left the neighboring Building unbraced and caused a large vertical crack from the Building's first floor to roof. On July 17, 2020, the New York City Department of Buildings issued a peremptory vacate order for the Building (Id. at ¶13). As a result, plaintiff's business remained closed from that date through the Fall of 2020 and by the time plaintiff's owner was able to return to the premises, his business was "no longer viable" (NYSCEF Doc. No. 72 [Kim Aff. in Supp. at ¶¶9-10]).

Plaintiff commenced this action on December 7, 2020, asserting claims against the Moving Defendant for negligence, negligence per se, violation of New York City Building Code §3309.1, nuisance, and trespass. The Moving Defendant answered, as did Regal and Oliviero, who asserted crossclaims against the Moving Defendant for contribution and indemnification (See NYSCEF Doc. Nos. 4, 5).

The Moving Defendant now moves for summary judgment dismissing the complaint and crossclaims against it. It notes that plaintiff's Amended Bill of Particulars asserts that defendants' work did not cause any physical damage to plaintiff's store or any possessions within it and argues that, as a result, plaintiff's claims sounding in negligence are barred by 532 Madison Avenue Gourmet Foods. Inc. v. Finlandia Center, Inc., 96 NY2d 280 (2001) and Roundabout Theatre Co. v. Tishman Realty & Constr. Co., 302 AD2d 272 (2003) which, according to plaintiff, restrict the scope of a defendant's duty for harms arising from a construction-related incident to litigants who

160553/2020   MURRAY HILL CLEANERS & vs. THIRD AND THIRTY FOUR, LLC          Page 2 of 7
Motion No.  001

2 of 7

have suffered personal injury or property damage. The Moving Defendant also argues that plaintiff's cause of action for nuisance must be dismissed "because New York does not recognize a cause of action for nuisance for economic loss related to an activity that was not abnormally dangerous." Finally, the Moving Defendant argues that no trespass claim lies because it is undisputed that the Moving Defendant did not enter or cause an entry into plaintiff's premises.

In opposition, plaintiff disputes the Moving Defendant's characterization of 532 Madison Avenue and Roundabout Theatre Co. and asserts that the Moving Defendant owed a duty to them as a matter of common law—because "[t]he economic damages Murray Hill incurred as a result of Defendant's negligent construction were foreseeable and well within the scope of Defendant's duty to its neighbor"—and pursuant to New York City Building Code §3309.1. Plaintiff further argues that the motion is premature because there is outstanding discovery that may be relevant to establishing defendants' negligence including construction site logs, information regarding the partial collapse, and data surrounding defendants' attempts to address the damage to 213 East 34th Street. Finally, plaintiff contends that the crack in the Building constitutes a physical entry sufficient to sustain its claims for trespass and nuisance.

## DISCUSSION

For the reasons set forth below, the Moving Defendant's motion for summary judgment[1] is granted in part. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this

---

[1] While the movant characterizes this motion as made pursuant to both CPLR 3211(a)(1) and CPLR 3212, only the latter applies. The bill of particulars relied upon by the movant is not documentary evidence within the meaning of CPLR 3211(a)(1) (See D'Auvergne v Dis Is We Thing, Inc., 110 AD3d 948, 948 [2d Dept 2013]).

**160553/2020   MURRAY HILL CLEANERS & vs. THIRD AND THIRTY FOUR, LLC**                    Page 3 of 7
**Motion No.  001**

3 of 7

showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] [internal citations omitted]).

*Negligence*

"[T]o prevail on a negligence claim, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (Pasternack v Lab's Corp. of Am. Holdings, 27 NY3d 817, 825 [2016] [internal citations and quotations omitted]). "The definition and scope of an alleged tortfeasor's duty owed to a plaintiff is a question of law" (Id.).

It is well settled that "a landowner who engages in activities that may cause injury to persons on adjoining premises owes those persons a duty to take reasonable precautions to avoid injuring them" (532 Madison Ave. Gourmet Foods, Inc. v Finlandia Ctr., Inc., 96 NY2d 280, 290 [2001] [internal citations omitted]). Accordingly, and contrary to the movant's position, a commercial tenant of a building that is vacated because of a neighbor's negligent work on the adjoining property may maintain a claim in negligence for the resulting economic loss (See Yenem Corp. v 281 Broadway Holdings, 76 AD3d 225, 227 [1st Dept 2010] [tenant pizzeria sued owner and developer of neighboring building for "economic loss" resulting from defendants' excavation work which allegedly undermined foundation of building in which pizzeria operated, resulting in vacate order by Department of Buildings], revd on other grounds, 18 NY3d 481 [2012]).

The cases relied upon by plaintiff, 532 Madison Ave. Gourmet Foods, Inc. v Finlandia Center, Inc. 96 NY2d 280 (2001) and Roundabout Theater Co. v Tishman Realty & Construction

**160553/2020   MURRAY HILL CLEANERS & vs. THIRD AND THIRTY FOUR, LLC**                    **Page 4 of 7**
**Motion No.  001**

4 of 7

Co., Inc. 302 AD2d 272 (1st Dept 2003), do not support a contrary conclusion. In 532 Madison, the Court of Appeals concluded that various businesses which had suffered financial losses from a street closure necessitated by the partial collapse of defendant's building did not have a claim sounding in negligence because the defendant, under the circumstances, owed a duty only to those who had suffered personal injury or property damage as a result of the collapse (532 Madison Ave. Gourmet Foods, Inc. v Finlandia Center, Inc. 96 NY2d 280, 289 [2001]). The Court noted that "[t]his restriction [was] necessary to avoid exposing defendants to unlimited liability to an indeterminate class of persons conceivably injured by any negligence in a defendant's act" (532 Madison Ave. Gourmet Foods, Inc. v Finlandia Ctr., Inc., 96 NY2d 280, 289 [2001]). The same principle mandated the dismissal of the action in Roundabout Theater, where plaintiff, a theater owner, sued its neighbor to recover financial losses from a cancelled performance necessitated by the collapse of a construction elevator tower attached to defendant's building, and the resulting street closures (Roundabout Theater Co. v Tishman Realty & Construction Co., Inc. 302 AD2d 272 [1st Dept 2003]).

The policy concern motivating these decisions is simply not present here—there is no indication in the record that the partial collapse of the Moving Defendant's building led to street closures or any other public nuisance such that plaintiff is part of an expansive and ill-defined pool of potential litigants who have suffered an economic loss. Accordingly, that branch of the Moving Defendant's motion for summary judgment dismissing plaintiff's negligence claims is denied.

*Nuisance*

The elements of private nuisance are an invasion of plaintiff's interest in the private use and enjoyment of its land which is either: "(1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions

**160553/2020   MURRAY HILL CLEANERS & vs. THIRD AND THIRTY FOUR, LLC**        Page 5 of 7
**Motion No. 001**

5 of 7

or activities" (Copart Indus., Inc. v Consol. Edison Co. of New York, Inc., 41 NY2d 564, 569 [1977] [internal citations omitted]). Although the third category of invasion, "strict liability based on an abnormally dangerous activity," requires damage to property as a material element (532 Madison Ave. Gourmet Foods, Inc. v Finlandia Ctr., Inc., 96 NY2d 280, 292 at n 2 [2001] [internal citations omitted]), which is not at issue here, issues of fact remain as to the first two categories.

As to the first category, an intentional and unreasonable invasion requires that "the actor (a) acts for the purpose of causing [the invasion]; or (b) knows that it is resulting or is substantially certain to result from his conduct" (Copart Indus., Inc. v Consol. Edison Co. of New York, Inc., 41 NY2d 564, 571 [1977] [internal citations omitted]), and the Moving Defendant has offered no evidence on either point. In addition, the movant has, for the reasons discussed above, failed to establish that it was not negligent in its construction and demolition work. Accordingly, the branch of the Moving Defendant's motion for summary judgment dismissing plaintiff's private nuisance claim is also denied.

*Trespass*

The Moving Defendant has, however, established that no trespass claim lies. "The essential elements of a cause of action sounding in trespass are the intentional entry onto the land of another without justification or permission" (211-12 N. Blvd. Corp. v LIC Contr., Inc., 186 AD3d 69, 82 [2d Dept 2020]) and "[n]either the complaint nor plaintiff's … opposition papers alleges any specific entry onto plaintiff's property" (MacArthur Properties, LLC v Metro. Transportation Auth., 61 Misc 3d 1204(A) [Sup Ct, NY County 2017], affd, 164 AD3d 1165 [1st Dept 2018]). Plaintiff has not provided any authority that supports its assertion that the crack in the exterior wall of a building serves as an entry onto a tenant's premises, nor has the Court discovered any.

**160553/2020  MURRAY HILL CLEANERS & vs. THIRD AND THIRTY FOUR, LLC**            **Page 6 of 7**
**Motion No.  001**

6 of 7

Accordingly, the Moving Defendant's motion for summary judgment is granted to the extent that plaintiff's cause of action for trespass is dismissed.

Accordingly, it is

**ORDERED** that defendant Third and Thirty Four, LLC's motion for summary judgment is granted in part, to the extent that the seventh cause of action, for trespass, is dismissed as against it, and is otherwise denied; and is further

**ORDERED** that Third and Thirty Four, LLC shall, within ten days from the date of this decision and order, serve a copy of same with notice of entry on plaintiff as well as the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the General Clerk's Office (60 Centre St., Rm. 119) who are directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on this court's website at the address www.nycourts.gov/supctmanh); and it is further

**ORDERED** that the parties are to appear for a status conference in Part 4 (80 Centre Street, room 308) on March 13, 2025 at 9:30 am.

This constitutes the decision and order of the Court.

| 1/29/2025 | | HON. JUDY H. KIM, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160553/2020  MURRAY HILL CLEANERS & vs. THIRD AND THIRTY FOUR, LLC**
**Motion No.  001**

Page 7 of 7

7 of 7