U.S. Bank Trust, N.A. v Miele (2025 NY Slip Op 06211)

U.S. Bank Trust, N.A. v Miele

2025 NY Slip Op 06211

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-10849
 (Index No. 51023/16)

[*1]U.S. Bank Trust, N.A., etc., appellant,
v
Stephen D. Miele, etc., et al., respondents, et al., defendants.

Day Pitney LLP, New York, NY (Christina A. Livorsi, Nathaniel T. N. Fleming, and Catherine Welker of counsel), for appellant.
Grausso & Foy, LLP, Bohemia, NY (Edmond R. Foy of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nancy Quinn Koba, J.), dated June 21, 2023. The order granted that branch of the motion of the defendants Stephen D. Miele and Catherine G. Miele for leave to renew their prior motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred, which had been denied in a prior order of the same court dated September 23, 2016, as modified by decision and order of this Court dated August 5, 2020, and upon renewal, in effect, vacated the order dated September 23, 2016, and thereupon granted the prior motion and vacated an order and judgment of foreclosure and sale (one paper) of the same court dated January 11, 2023.
ORDERED that the order dated June 21, 2023, is affirmed, with costs.
In 2009, JPMorgan Chase Bank, National Association commenced an action to foreclose a mortgage executed by the defendants Stephen D. Miele and Catherine G. Miele (hereinafter together the defendants), securing a note in the amount of $2.6 million. That action was dismissed on September 12, 2014.
In 2016, the plaintiff commenced the instant foreclosure action. The defendants moved, pre-answer, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. The plaintiff opposed the motion, submitting an affidavit of an employee of its loan servicer, annexed to which were letters addressed to each of the defendants dated May 13, 2015, and May 14, 2015, respectively. The letters stated that "the maturity of the Loan is hereby de-accelerated, immediate payment of all sums owed is hereby withdrawn, and the Loan is re-instituted as an installment loan." By order dated September 23, 2016, the Supreme Court denied the defendants' motion. On appeal by the defendants, this Court, in a decision and order dated August 5, 2020, modified that order so as to grant dismissal of the causes of action relating to unpaid mortgage installments which accrued on or before January 27, 2010 (see U.S. Bank Trust, N.A. v Miele, 186 AD3d 526).
Thereafter, the Supreme Court issued an order and judgment of foreclosure and sale [*2]directing the sale of the property. Following the enactment of the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821), the defendants moved, inter alia, for leave to renew their prior motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them and, upon renewal, to grant the prior motion and to vacate the order and judgment of foreclosure and sale. In support, the defendants argued that FAPA constituted a change in the law that would alter the prior determination denying the prior motion and that the unilateral de-acceleration letters sent in May 2015 failed to revive or reset the statute of limitations (see CPLR 203[h]). While the defendants' motion, among other things, for leave to renew was pending, the plaintiff served the defendants with a copy of the order and judgment of foreclosure and sale with notice of entry. Thereafter, the court, in an order dated June 21, 2023, granted leave to renew and, upon renewal, in effect, vacated the order dated September 23, 2016, and thereupon granted the defendants' prior motion and vacated the order judgment of foreclosure and sale. The plaintiff appeals.
"A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law" (Opalinski v City of New York, 205 AD3d 917, 919; see FV-1, Inc. v Palaguachi, 234 AD3d 818; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1040-1041). "After entry of a final judgment, a motion for leave to renew pursuant to CPLR 2221(e)(2) based upon a 'change in the law that would change the prior determination' must be made, absent circumstances set forth in CPLR 5015, before the time to appeal the final judgment has expired" (Matter of Eagle Ins. Co. v Persaud, 1 AD3d 356, 357, quoting CPLR 2221[e][2]; see U.S. Bank N.A. v Tong, 230 AD3d 716, 717; Opalinski v City of New York, 205 AD3d at 919; Dinallo v DAL Elec., 60 AD3d 620, 621).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due" (Citibank, N.A. v Horan, 230 AD3d 1216, 1217). An acceleration of a mortgage debt can occur "when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Milone v US Bank N.A., 164 AD3d 145, 152; see 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1041; Citibank, N.A. v Horan, 230 AD3d at 1217; Collins v Bank of N.Y. Mellon, 227 AD3d 948, 950). CPLR 203(h), as amended by FAPA (L 2022, ch 821, § 4), provides that "[o]nce a cause of action upon an instrument described in [CPLR 213(4)] has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute."
The plaintiff argues that the defendants' motion, inter alia, for leave to renew was procedurally improper as the Supreme Court was without authority to vacate or modify the decision and order of this Court dated August 5, 2020. The plaintiff's contention is without merit.
"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 205 AD3d 727, 727-728; see Foley v Roche, 86 AD2d 887, 887). "The doctrine of the law of the case operates to foreclose re-examination of the issue absent a showing of new factual circumstances, additional relevant evidence, or a change in the law that would warrant reconsideration of the issue" (New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 205 AD3d at 728 [citation omitted]; see Frankson v Brown & Williamson Tobacco Corp., 67 AD3d 213, 218).
Here, on the prior appeal, while this Court considered and affirmed the determination that the action, for the most part, was not barred by the six-year statute of limitations, the defendants demonstrated a subsequent change in the law that would warrant reconsideration of the issue of whether the action was untimely (see Frankson v Brown & Williamson Tobacco Corp., 67 AD3d at 218). Consequently, that branch of the defendants' motion which was for leave to renew, based on a change in the law, was not improper and was properly considered by the Supreme Court.
There is no merit to the plaintiff's contention that FAPA does not constitute a change [*3]in the law that would change the prior determination denying the defendants' prior motion to dismiss the complaint insofar as asserted against them because FAPA cannot apply to an action following entry of a judgment of foreclosure and sale. FAPA provides that it "shall take effect immediately and shall apply to all actions commenced on an instrument described under [CPLR 213(4)] in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821 § 10). Here, the order and judgment of foreclosure and sale, which was served upon the defendants with notice of entry approximately three weeks after the defendants filed their motion, inter alia, for leave to renew (cf. Matter of Eagle Ins. Co. v Persaud, 1 AD3d at 357), had yet to be enforced (see US Bank National Association v Livoti, _____ AD3d _____ [decided herewith]; FV-1, Inc. v Palaguachi, 234 AD3d at 821; Wilmington Sav. Fund Socy., FSB v Thomas, 226 AD3d 1064, 1067).
Contrary to the plaintiff's contention, FAPA applies retroactively (see FV-1, Inc. v Palaguachi, 234 AD3d at 822; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1042-1044; U.S. Bank N.A. v Lynch, 233 AD3d 113, 116-117; Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 45).
The plaintiff's contention that FAPA (see CPLR 203[h]) violates the Takings, Due Process, and Contract Clauses of the United States Constitution is unavailing (see FV-1, Inc. v Palaguachi, 234 AD3d at 822; Deutsche Bank Natl. Tr. Co. v Dagrin, 233 AD3d at 1069-1071; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1043).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for leave to renew their prior motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and, upon renewal, in effect, vacated the order dated September 23, 2016, and thereupon granted the prior motion and vacated the order and judgment of foreclosure and sale.
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court