Ditech Fin., LLC v Naidu (2025 NY Slip Op 07281)

Ditech Fin., LLC v Naidu

2025 NY Slip Op 07281

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-12340
 (Index No. 700387/16)

[*1]Ditech Financial, LLC, plaintiff, 
v
Santhana Kumar Nataraja Naidu, respondent, et al., defendants; Wilmington Savings Fund Society, FSB, etc., nonparty-appellant.

Day Pitney LLP, New York, NY (Christina A. Livorsi and Kevin T. MacTiernan of counsel), for nonparty-appellant.
Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Wilmington Savings Fund Society, FSB, appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated November 22, 2023. The order granted the motion of the defendant Santhana Kumar Nataraja Naidu for leave to renew his prior motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, which had been denied in two orders of the same court (Robert J. McDonald, J.), both dated September 9, 2016, and upon renewal, in effect, vacated so much of the orders dated September 9, 2016, as denied the prior motion, and thereupon, granted the prior motion.
ORDERED that the order dated November 22, 2023, is affirmed, with costs.
In 2006, the defendant Santhana Kumar Nataraja Naidu (hereinafter the defendant) executed a consolidated mortgage on certain real property located in Queens, securing a consolidated note in the principal sum of $296,000. In 2009, BAC Home Loans Servicing, L.P. (hereinafter BAC), commenced an action (hereinafter the 2009 action) against the defendant, among others, to foreclose the consolidated mortgage, in which BAC elected in the complaint to call due the entire amount secured by the consolidated mortgage. The 2009 action was voluntarily discontinued in February 2014.
In 2016, the plaintiff commenced this foreclosure action. The defendant interposed an answer. By orders dated September 9, 2016 (hereinafter the September 2016 orders), the Supreme Court, among other things, granted those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference and denied the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. On appeal, this Court, by decision and order dated September 18, 2019, reversed the September 2016 orders insofar as appealed from, on the law, determining, inter alia, that the voluntary discontinuance of the 2009 action did not serve to de-accelerate the subject mortgage debt, and thus, that this action was time-barred (see Ditech [*2]Fin., LLC v Naidu, 175 AD3d 1387, 1390, revd sub nom. Freedom Mtge. Corp. v Engel, 37 NY3d 1). Thereafter, the Court of Appeals reversed this Court's decision and order dated September 18, 2019, determining, in relevant part, that the stipulation voluntarily discontinuing the 2009 action revoked the acceleration of the mortgage debt effectuated by the commencement of the 2009 action (see Freedom Mtge. Corp. v Engel, 37 NY3d at 34-35).
Following the enactment of the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821), the defendant moved for leave to renew his prior motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. In support of his motion, the defendant argued that FAPA constituted a change in the law that would alter the prior determination denying his prior motion and that the voluntary discontinuance of the 2009 action in February 2014 was not sufficient to de-accelerate the mortgage debt (see CPLR 203[h]). Nonparty Wilmington Savings Fund Society, FSB (hereinafter Wilmington), the plaintiff's successor in interest, opposed the motion and argued that FAPA should not be applied retroactively, as any retroactive application would violate its rights under the United States Constitution. The Supreme Court granted the defendant leave to renew, and upon renewal, in effect, vacated so much of the September 2016 orders as denied the defendant's prior motion, and thereupon, granted the defendant's prior motion. Wilmington appeals.
"A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law" (Opalinski v City of New York, 205 AD3d 917, 919 [internal quotation marks omitted]; see FV-1, Inc. v Palaguachi, 234 AD3d 818; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1040-1041). "[A] motion for leave to renew pursuant to CPLR 2221(e)(2) based upon a 'change in the law that would change the prior determination' must be made, absent circumstances set forth in CPLR 5015, before the time to appeal the final judgment has expired" (Matter of Eagle Ins. Co. v Persaud, 1 AD3d 356, 357, quoting CPLR 2221[e][2]; see U.S. Bank N.A. v Tong, 230 AD3d 716, 717; Opalinski v City of New York, 205 AD3d at 919; Dinallo v DAL Elec., 60 AD3d 620, 621). Contrary to Wilmington's contention, as a judgment of foreclosure and sale had not yet been entered or enforced in this action, the defendant's motion for leave to renew was not untimely (see Opalinski v City of New York, 205 AD3d at 919).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due" (Citibank, N.A. v Horan, 230 AD3d 1216, 1217). An acceleration of a mortgage debt can occur "when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Milone v US Bank N.A., 164 AD3d 145, 152; see 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1041; Citibank, N.A. v Horan, 230 AD3d at 1217). CPLR 203(h), as amended by FAPA (L 2022, ch 821, § 4), provides that "[o]nce a cause of action upon an instrument described in [CPLR 213(4)] has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute."
Moreover, as relevant to this appeal, FAPA amended CPLR 3217(e) to provide that "[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute (see L 2022, ch 821, § 8)" (97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1041 [internal quotation marks omitted]).
Accordingly, upon renewal, the defendant demonstrated, prima face, that this action was time-barred, and, in opposition, Wilmington failed to raise a question of fact (see Citimortgage, Inc. v Gunn, 234 AD3d 922; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1040-1041).
Wilmington's arguments challenging FAPA's retroactive application and [*3]constitutionality under the United States Constitution are without merit (see Citimortgage, Inc. v Gunn, 234 AD3d at 922; FV-1, Inc. v Palaguachi, 234 AD3d 818; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1071; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1043).
Accordingly, the Supreme Court properly granted the defendant's motion for leave to renew his prior motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, and upon renewal, in effect, vacated so much of the September 2016 orders as denied the prior motion, and thereupon, granted the prior motion.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court