Citimortgage, Inc. v Smith

2026 NY Slip Op 02626

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Citimortgage, Inc., respondent,

v

Ian Smith, et al., defendants, Brooklyn 7 Realty, Inc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-01640, (Index No. 506946/16)

Betsy Barros, J.P.

Linda Christopher

Barry E. Warhit

Helen Voutsinas, JJ.

The Rosenfeld Law Office, PLLC, Lawrence, NY (Avinoam Rosenfeld of counsel), for appellant.

Knuckles & Manfro LLP, Tarrytown, NY (Ali Degan of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Brooklyn 7 Realty, Inc., appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 18, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were, in effect, for leave to renew its opposition to the plaintiff's prior motion to confirm a referee's report and for a judgment of foreclosure and sale, which had been granted in an order and judgment of foreclosure and sale (one paper) of the same court (Noach Dear, J.) dated March 4, 2019, and, upon renewal, to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against it as time-barred or, in the alternative, for leave to amend its answer to assert a statute of limitations defense.

ORDERED that the order is affirmed insofar as appealed from, with costs.

In July 2005, the defendant Ian Smith (hereinafter the borrower) executed a note in the principal sum of $491,417, which was secured by a mortgage on certain real property located in Brooklyn.

In 2008, and again in 2010, the plaintiff commenced two prior actions against the borrower to foreclose the subject mortgage. The 2008 action was abandoned and the 2010 action was voluntarily discontinued by the parties. In 2013, title to the subject property was conveyed to the defendant Brooklyn 7 Realty, Inc. (hereinafter the defendant).

In April 2016, the plaintiff commenced this action against the borrower and the defendant, among others, to foreclose the mortgage. The defendant interposed an answer with counterclaims and asserted several affirmative defenses.

Thereafter, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order and judgment of foreclosure and sale dated March 4, 2019, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. The defendant appealed from the order and judgment of foreclosure and sale, but its appeal was deemed dismissed based on the defendant's failure to timely perfect (see 22 NYCRR 1250.10[a]).

After the sale of the property was noticed for March 2023, the defendant moved, in effect, for leave to renew its opposition to the plaintiff's prior motion to confirm the referee's report and for a judgment of foreclosure and sale and, upon renewal, to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against it as time-barred or, in the alternative, for leave to amend its answer to assert a statute of limitations defense. The plaintiff opposed. In an order dated August 18, 2023, the Supreme Court denied the defendant's motion as untimely. The defendant appeals.

"After entry of a final judgment, a motion for leave to renew pursuant to CPLR 2221(e)(2) based upon a 'change in the law that would change the prior determination' must be made, absent circumstances set forth in CPLR 5015, before the time to appeal the final judgment has expired" (Matter of Eagle Ins. Co. v Persaud, 1 AD3d 356, 357, quoting CPLR 2221[e][2]; see Wilmington Sav. Fund Socy., FSB v Souffrant, 237 AD3d 1006, 1008; U.S. Bank N.A. v Tong, 230 AD3d 716, 717; Opalinski v City of New York, 205 AD3d 917, 919; Dinallo v DAL Elec., 60 AD3d 620, 621).

Here, the parties do not dispute that the order and judgment of foreclosure and sale was served upon the defendant with notice of entry in April 2019. The defendant moved, in effect, for leave to renew in 2023, "long after [its] time to appeal from the order and judgment of foreclosure and sale expired" (Wilmington Sav. Fund Socy., FSB v Souffrant, 237 AD3d at 1008, citing CPLR 5513[a], [d]). Therefore, the Supreme Court properly denied the defendant's motion as untimely (see id.; see also U.S. Bank N.A. v Tong, 230 AD3d at 717).

In light of the foregoing, we need not reach the parties' remaining contentions.

BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court