Qi v Famous Sichuan N.Y. Inc.
2026 NY Slip Op 03767
June 16, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Xiuwen Qi etc., Plaintiff-Appellant,
v
Famous Sichuan New York Inc., Doing Business as Famous Sichuan, et al., Defendants-Respondents.

Decided and Entered: June 16, 2026
Index No. 650984/22|Appeal No. 6900|Case No. 2024-06664|
Before: Webber, J.P., Kapnick, Gesmer, Rodriguez, Rosado, JJ.

Troy Law, PLLC, Flushing (Aaron B. Schweitzer of counsel), for appellant.
Xue & Associates, P.C., Glen Cove (Benjamin B. Xue of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered October 3, 2024, which denied plaintiff's motion to renew its prior motion, and opposition to defendants' cross-motion for summary judgment dismissing plaintiff's Labor Law wage claims that predated March 2, 2016 as time-barred by the applicable six-year statute of limitations, unanimously affirmed, without costs.
Plaintiff commenced the instant wage claim action on March 2, 2022 by filing a summons with notice (see CPLR 304[a]). On their cross-motion, defendants presented a prima facie defense that the applicable six-year statute of limitations to plaintiff's wage claims (see CPLR 213[6]; Labor Law § 198[3]) precluded the claims predating March 2, 2016, thereby shifting the burden to plaintiff to raise a question of fact as to whether the statute of limitations had been tolled or an exception to the limitations period was applicable (see Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman, LLP, 188 AD3d 530, 531 [1st Dept 2020]). Plaintiff did not argue that the COVID-19 Executive Orders served as a potential toll for his claims, notwithstanding his admitted awareness that the Executive Orders were in effect between March 2020 and November 3, 2020, and that the Second and Third Departments had already found that the Executive Orders afforded a toll of applicable statute of limitations (see Brash v Richards, 195 AD3d 582 [2d Dept 2021]; Matter of Roach v Cornell Univ., 207 AD3d 931, 933 [3d Dept 2022]). This Court found in Murphy v Harris (210 AD3d 410, 411 [1st Dept 2022]) that the plain language of the initial Executive Order explicitly referenced the term "toll" (see 9 NYCRR 8.202.8; Murphy, 210 AD3d at 411).
Plaintiff moved to renew, arguing that Murphy "clarified" the law on the Executive Orders/tolling issue (see CPLR 2221[e][2]; Puello v City of New York, 118 AD3d 492, 492 [1st Dept 2014]; Roundabout Theatre Co. v Tishman Realty & Constr. Co., 302 AD2d 272, 272-273 [1st Dept 2003]).
Plaintiff did not raise the issue of the COVID-19 Executive Orders serving as a potential toll for his claims, despite his admitted awareness of the Executive Orders and of the decisions of the Second and Third Departments. In light of the plain language in the Executive Orders and the holdings in Brash and Matter of Roach, any further "clarification" of the law as to how the Executive Orders served to toll the applicable statute of limitations was unnecessary, as nothing further needed to be clarified on the
issue. Thus, the motion was akin to one for reargument, from which no appeal lies when denied (see D'Alessandro v Carro, 123 AD3d 1, 7 [1st Dept 2014]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2026